**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KASSIDY PETTIT,**

      **Plaintiff,**

  v.                                    Civil Action 2:18-cv-1718
                                                Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Chelsey M. Vascura

**VILLAGE OF GRANVILLE, OHIO,** *et al.*,

      **Defendants.**

## ORDER

      On August 26, 2020, this Court ordered Defendants to show cause why the Court should not sanction Defendants for failure to prosecute based on Defendants' failure to appear for court-ordered mediation, failure to respond to attempts to reschedule the mediation, and failure to call in for an August 26, 2020 teleconference. (Show Cause Order, ECF No. 33.) Defendants were further cautioned that failure to comply with the Show Cause Order could result in an entry of default. (*Id.*) To date, Defendants have not responded.

      This Court "has the inherent power to 'protect[ ] the due and orderly administration of justice and . . . maintain[ ] the authority and dignity of the court . . . .'" *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925) (alternations in the original)). Further, Federal Rule of Civil Procedure 16(f) provides that a Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Federal Rule of Civil Procedure 37(b)(2)(A) identifies entry of "a default

judgment against the disobedient party" as a permissible sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi). *See also In re Leonard*, 644 F. App'x 612, 618 (6th Cir. 2016) (affirming trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders); *Dell, Inc. v. Advicon Computer Servs., Inc.*, No. 06–11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("[T]here is no Rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, it is well-established that a federal court has the inherent authority to grant such relief when the circumstances warrant as much.") *aff'd sub nom Dell, Inc. v. Elles*, No. 07–2082, 2008 WL 4613978 (6th Cir. June 10, 2008).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to issue these harsh sanctions:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the [defaulting] party's conduct; (3) whether the [defaulting] party was warned that failure to cooperate could lead to [default judgment]; and (4) whether less drastic sanctions were imposed or considered before [default judgment] was ordered.

*Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted); *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Defendants have disobeyed several orders of the Court and show no indication that they intend to comply in the future. Moreover, Defendants have been warned that failure to comply with these orders could result in an entry of default. Because threat of an entry of default did not motivate Defendants to respond, it is unlikely less drastic sanctions would be effective.

Therefore, the Court **DIRECTS** the Clerk to enter default against Defendants Village of Granville, Ohio, Sergeant FNU Wilson, and Police Officer Matthew Newlun.  Further, the pending Motion for Summary Judgment (ECF No. 16) and Cross Motion for Summary Judgment (ECF No. 28) are **DENIED AS MOOT.**

    **IT IS SO ORDERED.**

s/ Edmund A. Sargus, Jr. 9/16/2020
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE
