UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KASSIDY PETTIT,

    Plaintiff,

v.

VILLAGE OF GRANVILLE, OHIO, *et al.*,

    Defendants.

Civil Action 2:18-cv-1718
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Kassidy Pettit, filed this civil rights action under 42 U.S.C. § 1983 against Defendants, Village of Granville, Ohio; Sergeant Wilson; and Police Officer Matthew Newlun, on December 18, 2018. (ECF No. 1.) This matter is before the Court on Defendants' Motion to Set Aside Default and Extend Time to File Reply to Cross-Motion for Summary Judgment (ECF No. 35), Plaintiff's Response in Opposition to Defendants' Motion (ECF No. 36), and Plaintiff's Motion for Default Judgment (ECF No. 37). For the reasons that follow, Defendants' Motion to Set Aside Default and Extend Time to File Reply to Cross-Motion for Summary Judgment (ECF No. 35) is **GRANTED**, and Plaintiff's Motion for Default Judgment (ECF No. 37) is **DENIED AS MOOT**.

I.

On August, 26, 2020, after Defendants failed to appear for court-ordered mediation, failed to respond to attempts to reschedule the mediation, and failed to appear for a teleconference, the Court ordered Defendants to show cause within fourteen days why they failed

to appear and cautioned that failure to timely respond to the Show Cause Order could result in sanctions, including the sanction of entry of default for failure to prosecute. (ECF No. 33.) When Defendants failed to timely respond to the Show Cause Order, the Court ordered the Clerk to enter default against Defendants. (ECF No. 34.) Nine days later, on September 25, 2020, Defendants filed the subject Motion to Set Aside the Default (ECF No. 35). On September 29, 2020, Plaintiff filed a Memorandum in Opposition to Defendants' Motion (ECF No. 36) and a Motion for Default Judgment (ECF No. 37).

In Defendants' Motion, Defense counsel represents that the May 22 Order was the last docket event of which he had notice and that he first learned of the Court's entry of default on September 23, 2020. Upon learning of the entry of default, Defense counsel attempted to log into the Court's CM/ECF system, but was unable to access his account, which he suspects is a result of a security breach. Defense counsel then immediately notified the Court of the problem, and provided a different, secure email address to the Court, which permitted him to access the docket. Defense counsel filed the subject Motion two days later, on September 25, 2020. Defense counsel further explains that, because he had taken a new position as a campaign manager, this is his only remaining active case such that he rarely used the email address on file with the Court and consequently did not think it odd that several months passed without receiving new emails to that account. Defense counsel also notes that Defendants did not fail to respond to requests to reschedule the mediation, but instead that Defense counsel informed Plaintiff's counsel in a phone call that Defendants did not want to pursue mediation in light of the pending motion for summary judgment and Plaintiff's prior settlement demand.

Plaintiff opposes Defendants' Motion. Plaintiff asserts that the Defendants' behavior was willful because Defendants disregarded the Court's Orders and routinely failed to prosecute the

2

case. (Mem. in Opp'n 2–6, ECF No. 36.) Plaintiff further argues that Defendants do not have a defense against the underlying claims. (*Id.* at 6–17.) Finally, Plaintiff asserts that setting aside the entry of default would prejudice Plaintiff and "impair the fair administration of justice." (*Id.* at 17–20.) Plaintiff explains that Defendants' failure to comport with the discovery deadlines has impacted her ability to prepare for trial.

## II.

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Although Rule 55(c) vests trial courts with discretion, this Court recognizes that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (internal quotation marks and citations omitted); *see also Dassault Systemes*, 663 F.3d at 841 (quoting *INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (noting that in conducting reviews of denials of motions to set aside entries of default, the Sixth Circuit construes "'all ambiguous or disputed facts in the light most favorable to the defendant,' resolving any doubts in [its] favor" given its "general preference for judgments on the merits").

## III.

Applying the foregoing considerations, the Court finds that good cause exists to vacate the Entry of Default. First, Defendants' conduct was not willful. Within the context of vacating an entry of default, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). In other words, "it is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Id.* at 194-95 (reversing trial court's denial of a motion to set aside entry of default even though counsel's conduct "was careless and inexcusable," explaining that because a "default judgment deprives the client of his day in court . . . [it] should not be used as a vehicle for disciplining attorneys" (citation omitted)). Here, Defense counsel has offered a credible explanation, namely, that he had issues with his email and consequently did not receive notice of docket activity. In addition, upon learning of these issues, Defense counsel immediately took steps to remedy the problem and promptly moved to set aside the entry of default before the Court entered judgment. Thus, this factor weighs in favor of vacating the entry of default.

As to whether Defendants have meritorious defenses, Plaintiff correctly points out that Defendants' failure to respond Plaintiff's Requests for Admission means those requests have been deemed admitted. *See* Fed. R. Civ. P. 36(a)(3); *but see Solly v. Mausser*, No. 2:15-CV-956, 2017 WL 4280935 (S.D. Ohio Sept. 27, 2017) (allowing defendant to withdraw admissions). According to Plaintiff, in light of these admissions—and even without these admissions— Defendants lack meritorious defenses to her claims. A cursory review of Defendants' Motion for Summary Judgment (ECF No. 16), however, belies Plaintiff's assertions. *See United Coin Meter Co*, 705 F.2d at 845-46 ("[I]f any defense relied upon states a defense good at law, then a

4

meritorious defense has been advanced. . . . . [A]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.") (internal quotation marks and citations omitted). Accordingly, this factor likewise weighs in favor of vacating the entry of default.

Turning to the final factor, Plaintiff alleges that she would be prejudiced if the Court set aside the entry of default, citing the delay attributable to Defendants' failure to respond to discovery requests. But if Plaintiff was unsatisfied with the timeliness or lack of production in response to her discovery requests, her recourse would have been to seek Court intervention during the discovery period. Moreover, "[d]elay alone is not a sufficient basis for establishing prejudice." *Dassault Systemes, SA*, 663 F.3d at 842 (internal quotation marks and citations omitted). Rather, to show prejudice, an opposing party must show "that delay [from setting aside an entry of default] will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* Moreover, the prejudice must relate to "future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Dassalt Systemes, SA*, 663 F.3d at 842 (citing *Berthelsen v. Kane*, 907 F.2d 617, 620–21 (6th Cir. 1990)). Plaintiff has failed to articulate such *future* prejudice. Thus, this factor also weighs in favor of setting aside the entry of default.

In sum, because all three factors weigh in favor of vacating the entry of default Defendants' Default and Extend Time to File Reply to Cross-Motion for Summary Judgment (ECF No. 35) is **GRANTED**.

### IV.

For the foregoing reasons, Defendants' Default and Extend Time to File Reply to Cross-Motion for Summary Judgment (ECF No. 35) is **GRANTED**, the entry of default is **VACATED**, Defendants must file their response to Plaintiff's Cross-Motion for Summary

5

Judgment (ECF No. 28) **WITHIN FOURTEEN (14) DAYS**, and Plaintiff's Motion for Default Judgment (ECF No. 37) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                             11-3-2020
                                   EDMUND A. SARGUS, JR.
                                   UNITED STATES DISTRICT JUDGE